1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MACPHERSON,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and<br>DOES 1 through 100, inclusive,<br><br>                              Defendants. | Case No.:  3:15-cv-0769-BEN-AGS<br><br>**ORDER DENYING MOTION TO<br>DISMISS** |

Now before the Court is Defendant United States of America's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5).  For the reasons discussed below, the Motion is **DENIED.**

## BACKGROUND

Plaintiff filed his Complaint against the United States on April 8, 2015.  (Doc. No. 1).  Under Federal Rule of Civil Procedure 4(i), to serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
    (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [*and*]
(B) send a copy of each by registered or certified mail to the Attorney General

1

of the United States at Washington, D.C.

Fed. R. Civ. P. 4(i).  The time limit for service in effect at the time Plaintiff filed his complaint was 120 days.  Fed. R. Civ. P. 4(m).[1]

Plaintiff did not complete service within the 120 day deadline.  The Court held two Civil Local Rule 41.1 hearings on Plaintiff's failure to effect timely service.  After the first hearing in May, Plaintiff served the Attorney General in Washington, D.C. but not the local U.S. Attorney.  (Doc. No. 5.)  At the second hearing, on October 3, 2016, the Court gave Plaintiff until October 31, 2016 to complete proper service.  On October 5, 2016, Plaintiff completed service on the United States by serving the U.S. Attorney for the Southern District of California.  (Doc. No. 10).  Thus, Plaintiff completed service 546 days after filing his Complaint, and 426 days after the Rule 4(m) deadline to complete service.

## LEGAL STANDARD

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  When a defendant challenges service, the plaintiff bears the burden of establishing the validity of service as governed by Rule 4.  *See Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004).  Under Rule 4(m), plaintiff must prove timely service or show good cause for his failure to effect timely service.  Fed. R. Civ. P. 4(m).  If the plaintiff is unable to satisfy his burden of demonstrating effective service, the court has discretion to either dismiss or retain the action.  *See Stevens v. Sec. Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976).

/ / /

---

[1] Rule 4(m) was amended on December 1, 2015.  That amendment shortened the time for a plaintiff to serve his or her complaint from 120 days to 90 days.  Because Plaintiff filed his Complaint before Rule 4(m) was amended, Plaintiff had 120 days to serve his Complaint.

1

**DISCUSSION**

The Court denies the motion to dismiss because Plaintiff ultimately completed service within the deadline imposed at the October hearing.  Although Plaintiff served the Complaint beyond the 120 day deadline under Rule 4(m), the Court excused that delay at the hearing and gave Plaintiff another chance to effect proper service.  Thus, the Court implicitly found that Plaintiff had shown good cause for the delay, or the Court exercised its discretion to retain the action.  The Court then set a deadline by which service had to be accomplished, and Plaintiff met that deadline.

Defendant's motion is **DENIED.**

**IT IS SO ORDERED.**

Dated:  February 27, 2017

Hon. Roger T. Benitez
United States District Judge